THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RANDALL CHILDERS, Defendant-Appellant.

Third District   No. 79-941

Opinion filed April 29, 1980.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Following his conviction for the unlawful delivery of more than 30 grams of a substance containing cocaine, the defendant, Randall Childers, was sentenced to a determinate term of imprisonment of 18 years. In this appeal from the circuit court of Peoria County, the only issue raised is whether the trial court erred in imposing sentence by improperly considering that the defendant had contemplated his conduct would cause serious physical harm to another.

In imposing sentence, the trial judge's remarks included the following:

"I would comment now in reference to those matters which the Court has considered in fixing the sentence that will be imposed in this case. Our Statute sets forth various factors in mitigation and

aggravation and I will comment in reference to them. The transfer or delivery in this case of the cocaine was involving a law enforcement officer and so it did not get into someone's hands as, that would be using it as would ordinarily be contemplated in the transfer of illegal drugs.

That was not known in this case and anybody that delivers these drugs, these illegal drugs should contemplate and I am sure do, that they are going to be used by somebody and they are going to be used illegally.

They are not a legal drug, so they are not going to be used legally. They are going to be used by someone who either wishes to start off in the world of drugs and commence their use whether it be by way of curiosity or whatever. Or they are going to be used by someone who has already started using them and wishes to continue or they will be used by those people who have used them to the point that they are addicted and then in their mind, body requires the use of those drugs.

And however the use is or for whatever the use is for it is a tragic thing in the lives of individuals. It isn't this Court's purpose to try to compare various tragedies that can occur. You go up to somebody and shoot them and cause them to be in the hospital for 6 months you have caused a harm to them.

If you furnish illegal drugs to them so that there after [*sic*] they are addicted to illegal drugs and perhaps get off into lives of crime or ruin lives, you haven't done that by shooting them or hitting them with some object, but the result is the same.

The result is tragic. So in this case I realize that this is not a case of violence, but I wish to point out that the result is going to be [*sic*] undesirable result for the individuals involved that will be using them and for society."

The defendant contends that these comments by the trial judge indicate a finding contrary to the second statutory mitigating factor (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3.1(2)), to-wit, that the defendant contemplated that his conduct would cause serious physical harm to another person. According to the defendant, such a conclusion is incorrect for two reasons.

First, the defendant argues that he should not be subject to the potential use of the controlled substance as an aggravating factor since the legislature, having recognized the societal problem of the distribution of criminalized drugs (Ill. Rev. Stat. 1977, ch. 56½, par. 1100), must have been aware of the fact that drug delivery inherently involves potential use and, as a result, considered that fact in classifying the delivery of more than 30 grams of cocaine as a Class X felony with a mandatory sentence of

six years' imprisonment. (Ill. Rev. Stat., 1978 Supp., ch. 56½, par. 1401(a)(2); Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—8—1(3).) Secondly, the defendant argues that the trial court seems to incorrectly believe that cocaine is an addictive substance.

■■ Although an error such as will overcome the presumptive propriety of a sentence may be affirmatively demonstrated from the trial judge's improper consideration of facts or circumstances as aggravating (*People v. Cox* (1979), 77 Ill. App. 3d 59, 396 N.E.2d 59), we do not believe the consideration by the trial judge in the case at bar to be improper. Notwithstanding that pharmacologically cocaine is nonnarcotic, courts which have considered the legislative classification of cocaine have upheld that classification after recognizing its harmful effect on peace, health and the welfare of society (*People v. Hackett* (1979), 77 Ill. App. 3d 877, 396 N.E.2d 820; *People v. Vernor* (1978), 66 Ill. App. 3d 152, 383 N.E.2d 699), and there has been no medical evidence which establishes cocaine as a harmless substance. (See *People v. McCabe* (1971), 49 Ill. 2d 338, 275 N.E.2d 407; *People v. Hackett* (1979), 77 Ill. App. 3d 877, 396 N.E.2d 820.) Furthermore, the trial judge made no mention whatsoever of cocaine being addictive. There is medical evidence that users of other drugs, such as heroin, might also use cocaine (*People v. Hackett* (1979), 77 Ill. App. 3d 877, 396 N.E.2d 820), therefore, the defendant's argument concerning the nature of cocaine as being contrary to the trial judge's conclusions is not persuasive.

The defendant's other argument is no more persuasive. With regard to drug offenses, the legislature indicated factors which would warrant the most severe penalties. (Ill. Rev. Stat. 1977, ch. 56½, par. 1411.) Included in these factors is the unlawful delivery of Schedule II substances, which include cocaine. (Ill. Rev. Stat. 1977, ch. 56½, pars. 1206(b)(4), 1411 (1).) In addition, the legislature expressed an intent to penalize the most heavily illicit traffickers or profiteers of controlled substances. (Ill. Rev. Stat. 1977, ch. 56½, par. 1100(3).) To this end the legislature provided that second or subsequent offenders could be sentenced for a term of imprisonment of up to twice the maximum term otherwise authorized. (Ill. Rev. Stat. 1977, ch. 56½, par. 1408(a).) Even a first offender who is demonstrated to be a trafficker in drugs may receive a greater than minimum sentence. (*People v. Rodriguez* (1978), 59 Ill. App. 3d 769, 376 N.E.2d 460.) The defendant in the case at bar had two prior convictions for the unlawful delivery of controlled substances.

■ While one of the avowed reasons for the Illinois Controlled Act is to deter the abuse of controlled substances (Ill. Rev. Stat. 1977, ch. 56½, par. 1100(2)), we do not believe that this necessarily means that the legislature set the sentences with regard to the fact that the serious harmful effect of the criminal conduct was contemplated by the

distributor of the controlled substances. In fact, the legislature has not designated the contemplation of the harmful effect of one's criminal conduct as an aggravating factor. The failure to so contemplate is a mitigating factor. At worst, then, the trial judge in the case at bar is negating the existence of a mitigating factor. This reasoning by the trial judge is not precluded by the sentencing limits established by the legislature.

The defendant has not affirmatively demonstrated an error in the judge's reasoning such as will overcome the presumptive propriety of the sentence, and there certainly has been no demonstration of an abuse of discretion on the part of the trial judge. (*People v. Boyd* (1980), 81 Ill. App. 3d 259, 401 N.E.2d 304.) Accordingly, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

STENGEL and STOUDER, JJ., concur.